This proceeding is founded on the tenth section of the act of 1785 — P. L. 369 — -which is in the following words: “ "Whereas it has heretofore been the law of this state, that upon the return of writs of capias ad respondendum, where the defendant or defendants maketh default of appearance, to suffer the plaintiff" to suspend the proceedings against the defendant or defendants, and commence original actions against the bail, whereby the costs have been greatly and unnecessarily increased, and the defendants aggrieved: — for remedy whereof, be it enacted, that where any writ shall issue from any Court within this state, whether of supreme or inferior jurisdiction, and the defendant shall give bail for his appearance at Courts and shall make default, the suit shall be prosecuted to judgment, and execution against such defendant, before any proceedings shall be had against the common bail; and if the sheriff" shall return upon the execution, that the defendant is not to be found, or hath no effects whereon to levy the debt and costs, then the plaintiff may sue forth a scire facias against such defendant, &c. provided, that nothing herein contained shall be construed to deprive the common bail in such action from' appearing and entering himself special bail at any time before judgment in such action shall be signed.’"
*316 The bail spoken of in this act, under the der 7 nomination of Common Bail, is what in England .g caqe(j (-,aq peiow or special bail, to the sheriff T. Black. 290, 291. The condition of the bond is, that the defendant shall appear at Court at the return of the writ. The appearance is effected by putting in, and justifying bail to the action, which is called in England bail above, and by this act special bail. The preamble to this clause of the ac.t recognises the law and the practice of our Courts prior to that time. If the party did not appear according to the condition of the bond, it became forfeited, and the sheriff was required to assign it to ,the plaintiff P. L. 96. The proceedings were then suspended against the defendant and an action commenced against the bail on the bond to the sheriff.' The bail to the sheriff could not surrender his principal in discharge of himself, but he must have entered bail to the action to entitle himself to that privilege; and it was too late to do that after default of appearance; for the only appearance recognised by law in such case, was putting in and justifying bail to to thé action, or what is called by this act, special bail.
This act then has made three important alterations in the law: 1st. It requires the plaintiff to prosecute his action to judgment and execution against the defendant, before he can resort to the bail. 2d. It gives the common bail the privilege of appearing and entering himself spe *317 eial bail at any time before final judgment against the defendant shall be signed. 3d. It authorizes the plaintiff to proceed against the bail by way of scire facias instead of bringing an on the bond. Indeed, there is one other requisite on the part of the plaintiff before he can proceed against the bail: that is, that he shall issue an execution either against the body or goods of the defendant, ón which the sheriff must make a return of non est inventus, or nulla bona, as the case may be. The bail, however, become fixed upon the entering up of final judgment against the defendant, and cannot surrender his principal afterwards. The entering of special bail, therefore, in this case, after final judgment was illegal, and a perfectly nugatory act, and could not exonerate this defendant from his liability. The act of December, 1809, which in some measure extends the privileges of the common bail, was passed subsequent to this transaction, and the defendant cannot have the benefit of it. The decision below was made by myself, out of respect to the opinion of one of my brethren who had given an order for the surrender. But I am satisfied that it was wrong, and must be reversed. The plaintiff is, there-, fore, entitled to his judgment.
Yancey, for the motion.
Cogdell, contra.
The other J udges concurred.